FILED
SUPERIOR COURT
OF GUAM

2021 FEB -9 PM 3: 52

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID ATIENZA, CARLOS OBED MEJIA VELASQUEZ, AND MATTHEW BIAGGI | **Superior Court Case No. SP0183-20** |
| Petitioners, | **DECISION AND ORDER** |
| vs. | |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES | |
| GOVERNMENT OF GUAM, | |
| Respondents. | |

This Decision and Order addresses the Amended Verified Petition filed by Carlos Velasquez and Matthew Biaggi. Both individuals were the subject of an initial petition filed in this case in October 2020 in which they sought their transfer to home quarantine from the government facility quarantine. The petitioners subsequently left Guam and reentered on or about January 20, 2021, and again petitioned for their transfer to home quarantine. The Court heard testimony and argument on January 27, 2021, and now issues this Decision and Order DENYING their amended petition.

## I. PROCEDURAL BACKGROUND

On October 16, 2020, the Court ruled from the bench in finding that Velasquez posed no substantial risk of transmitting COVID-19 due to evidence that he was infected and recovered from the virus within the previous three months. The Court, however, denied Biaggi's petition and ordered that he remain under government quarantine pursuant to DPHSS' protocols. The

ORIGINAL

Court later issued a written Decision and Order memorializing its ruling. *See* Dec. and Order (Oct. 29, 2020).

On January 22, 2021, Biaggi and Velasquez filed amended petitions indicating that they had left Guam and then returned on January 20, 2021. They again sought a transfer to home quarantine. The Court heard the amended petition on January 27, 2021.

As with the prior Decision and Order, the Court incorporates testimony and evidence heard before the Court on September 17-19, 22-26, and 28-30, and October 1-3, 2020, under the consolidated hearing, *Ikei v. DPHSS*, SP0138-20.

## II.  FINDINGS OF FACT

The Court incorporates the following from its October 29, 2020 Decision and Order:

1.  On October 14, 2020, Velasquez and Biaggi arrived in Guam from California, with transit through Hawaii.

2.  Velasquez and Biaggi both testified that, as of the time of the October 16, 2020 hearing, they had not experienced any COVID-19 symptoms.

3.  Upon arrival, DPHSS presented Velasquez and Biaggi with a voluntary acknowledgment form, which they refused to sign. Velasquez and Biaggi claim that their quarantine was involuntary.

4.  DPHSS then provided Velasquez and Biaggi with a written directive and transported them to the Dusit Thani, a government quarantine facility, for a fourteen-day quarantine.

5.  At the hearing on his first petition, Velasquez testified that he received a negative PCR test result about two months prior to arrival. In the time since the test, however, he testified that he contracted COVID-19.

ORIGINAL

6. To confirm that he had the virus, he took a serology test on October 2, 2020. According to the test results, his antibody count indicated that he previously contracted COVID-19. The test also stated the "virus-specific antibodies. . . can persist in the blood for several weeks/months after the onset of symptoms." Ex. AAA. Individuals with antibodies have "most likely gotten the disease and recovered, or recovering from it and not very contagious, if at all." *Id.*

7. Velasquez testified that, since he recovered from the virus, he had not experienced any COVID-19 symptoms.

8. This matter was heard concurrently with consolidated cases concerning the government quarantine. Following those hearings, the Court found that "[a] serology test measures for virus antibodies in the blood and better reflects the condition of individuals that previously contracted COVID-19. . . . Depending on the level of antibodies measured, the test determines whether the individual previously had COVID-19." *Ikei v. DPHSS*, SP0138-20 (Findings of Fact and Concls. of Law at 5 (Oct. 27, 2020)).

9. Also introduced during *Ikei* was guidance from the CDC indicating that "there are no confirmed reports to date of a person being reinfected with COVID-19 within three months of initial infection." *Ikei*, SP0138-20 (Ex. KK).

10. In its October 16, 2020 ruling from the bench for this proceeding, the Court concluded that Velasquez contracted and recovered from COVID-19 within the previous three months, therefore, he did not present a risk of transmitting COVID-19 to others in the community. The Court ordered that he be transferred to home quarantine. *See* Dec. and Order.



11. On November 5, 2020, the Court issued an Order--which remains in place to this day--that "Individuals who provide DPHSS with evidence establishing that they have contracted and recovered from COVID-19 within the previous three months and show no symptoms of infection shall be permitted to complete their fourteen-day quarantine at home." *In re Individuals or Groups of Individuals Quarantined by DPHSS as a Result of Executive Orders and DPHSS Guidance Memoranda,* SP0206-20 (Order, Nov. 5, 2020).

Additionally, the Court makes the following findings of fact by a preponderance of the evidence:

12. On January 20, 2021, Velasquez and Biaggi re-entered Guam.

13. DPHSS placed them into government facility quarantine. Am. Pet., Exs. 4, 5 (Jan. 22, 2021).

14. Velasquez and Biaggi presented DPHSS with antibody test results confirming their prior exposures to COVID-19. Am. Pet., Exs. 3, 6. Velasquez's test result is dated January 19, 2021; Biaggi's result is dated December 30, 2020.

15. Biaggi did not present any evidence as to precisely when he contracted COVID-19.

16. By the date of the hearing, January 27, 2021, Velasquez and Biaggi had been transferred to home quarantine after testing negative for COVID-19 on or about their sixth day of quarantine.

## III.   LAW AND DISCUSSION

### A. Proof of contracting COVID-19 within three months of arrival

Velasquez and Biaggi argue that their serology test results indicate that their prior COVID-19 infections deem them to lack a risk of transmitting COVID-19. To avail of transferring to home quarantine prior to taking a test on or about the sixth day in quarantine, a quarantined individual may provide evidence of being infected with COVID-19 within the prior


ORIGINAL

three months. SP0206-20 (Order at 2, Nov. 5, 2020). Here, under the amended petition, neither individual presented specific information as to when they contracted COVID-19, and specifically whether they contracted COVID-19 within the prior three months.

This is unlike the first time the Court considered Velasquez's petition. In October 2020, Velazquez testified that approximately two months prior to the hearing, he received a negative PCR test. Sometime during the following two months, he testified that he contracted the virus but did not get tested. After he recovered, to confirm that he did contract COVID-19, Velazquez procured a serology test dated on October 2, 2020, that indicated the presence of COVID-19 antibodies in his blood. The Court credited Velasquez's testimony and found that he contracted and recovered from COVID-19 within three months of the hearing.

But that timeframe no longer applies here. Based on Velasquez's timeline described above, he could have contracted COVID-19 more than three months before January 20, 2021. Moreover, Biaggi had not produced any prior positive test to confirm when he had the virus.

This is problematic because there remains no evidence as to the risks of reinfection beyond the preceding ninety days. The Court recently addressed the lack of evidence on this issue in its Decision and Order re: Order to Show Cause re: CPH in SP0206-20. In that proceeding, CPH argued that the Court should exempt from government quarantine all persons who have proof of a prior COVID-19 infection preceding the last three months. As stated in that Decision and Order, given the rates of contagion of COVID-19 and the lack of updated evidence as to rates of reinfection, the Court could not determine that persons infected antecedent to the preceding ninety days posed no substantial risk of transmitting COVID-19. SP0206-20 (Dec. and Order, Jan. 22, 2021).

This same reasoning applies here. Until the Court has updated evidence confirming that



persons who have been infected with COVID-19 beyond the immediately preceding 90 days are no longer at risk of reinfection, such persons are deemed to continue to pose a risk of transmission. For such persons, the present quarantine procedures continue to reflect the least restrictive means necessary to prevent the spread of a contagious disease. 10 GCA § 19604.

### B. Home Assessments

Velasquez and Biaggi also ask that they be transferred to home quarantine as their prior successful home quarantine and a home assessment would confirm they are not at risk of transmitting COVID-19. Because they are now both in home quarantine, the Court finds this issue to be moot.

## IV. CONCLUSION AND ORDER

The Court DENIES the Amended Petition. There is no evidence that Velasquez and Biaggi pose an insubstantial risk of transmitting COVID-19 despite their recent positive serology test results.

SO ORDERED this 9th day of February 2021.

_____
**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., and Assistant Public Defenders John Morrison and Brian
      Eggleston, Public Defender Services Corporation, for Petitioners Carlos Obed Mejia
      Velasquez and Matthew Biaggi
Deputy Attorney General James L. Canto II and Assistant Attorney General Joseph A. Perez
      for Respondent Department of Public Health and Social Services


ORIGINAL